IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,963-01






EX PARTE JUAN RAMON MEZA SEGUNDO








ON NOTICE OF UNTIMELY APPLICATION FOR WRIT OF HABEAS CORPUS


FILED IN CAUSE NO. C-3-008574-0974988-A


IN CRIMINAL DISTRICT COURT NUMBER THREE


TARRANT COUNTY






 Per Curiam. 



O R D E R



 This case is before us because an application for writ of habeas corpus has been
untimely filed pursuant to the provisions of Texas Code of Criminal Procedure Article
11.071. (1)

 On May 3, 2007, the trial court appointed Jack V. Strickland to represent applicant in
a post-conviction writ of habeas corpus under Article 11.071. On May 7, 2008, the State
filed in this Court its brief on applicant's direct appeal. Pursuant to Article 11.071, §§ 4(a)
and 4(b), applicant's application for writ of habeas corpus was due in the convicting court
on or before September 19, 2008. See also Ex parte Reynoso, 257 S.W.3d 715 (Tex. Crim.
App. 2008). 

 In late October 2008, it was brought to this Court's attention that counsel filed an
application on applicant's behalf on October 17, 2008, some twenty-eight days after the date
it was due. Pursuant to Article 11.071, § 4A(a), this Court could order counsel to show cause
why he failed to file the application in a timely manner. However, four days after he filed
applicant's writ application, counsel filed in the trial court a motion setting out his reasons
for the untimely filing. Instead of duplicating the effort here, this Court will consider that
filing, and the findings issued by the trial court, as counsel's showing of good cause. 

 In the motion filed in the trial court, counsel stated that he had been in the hospital for
four days in July which was followed by a two-week recuperation period. He also noted that
he began a new death penalty trial right after his recuperation period, began another felony
trial within a month after the completion of the death penalty trial, and had presented nine
lectures and papers in the ninety days preceding the filing of his good cause motion. Counsel
noted that the State was not disadvantaged by the untimely filing, nor did the State oppose
the finding of good cause. The convicting court found these facts to be true and further
found that they sufficiently demonstrated good cause for the untimely filing.

 Because counsel suffered a period of hospitalization and recuperation, and because
the State apparently does not oppose a finding of good cause, we find that applicant has
shown good cause for his failure to timely file an application. We hold that the application
filed in this case shall be considered timely filed as of October 17, 2008, and the trial court
is ordered to proceed with its review of the application. The timelines set out in Article
11.071, §§ 6-9, shall start to run as of the day this order is issued. 

 IT IS SO ORDERED THIS THE 28TH DAY OF JANUARY, 2009.


Do Not Publish
1. Unless otherwise indicated all references to Articles refer to the Code of
Criminal Procedure.